**COURT OF APPEALS FOR THE**
**FIRST DISTRICT OF TEXAS AT HOUSTON**



CONTINUING ABATEMENT ORDER

Appellate case name:     Patrick Earl Ruffin, Jr. v. The State of Texas

Appellate case number:   01-14-00927-CR

Trial court case number: 1445769

Trial court:             263rd District Court of Harris County

Appellant's brief was originally due on January 30, 2015. This Court sent appellant notice that the brief was late, but this notice was returned to us. On March 10, 2015, this Court issued an order, directing the trial court to hold a hearing to determine if appellant had abandoned his appeal or, if not, whether counsel should be appointed. The hearing record was filed on April 6, 2015, and the supplemental clerk's record was filed on April 27, 2015. The trial court appointed counsel, Joe David Wells, to represent appellant. We reset the brief due on May 1, 2015. Notices of late brief were sent on May 28, 2015, and on October 15, 2015. The last notice was returned to us. No response was received and no brief or motion for extension was filed.

On January 7, 2016, we issued another order, abating the appeal and remanding to the trial court for a hearing to determine why no brief had been filed. We ordered the trial court to make findings and for the hearing record and a supplemental clerk's record containing his findings to be filed in this Court on or before February 8, 2016. No records have been filed.

Appointed counsel, Wells, has failed to file the brief for more than 9 months. Accordingly, we continue the abatement of this appeal and we remand to the trial court to hold a hearing remand the case to the trial court for a hearing at which appellant and appointed counsel, Joe Wells, shall be present in person. [1] We direct the trial court to make appropriate written findings of fact and conclusions of law and to execute any necessary orders on these issues:

1) Whether appellant still wishes to pursue this appeal;

---

[1]     If appellant is now incarcerated, he may appear by closed video teleconference. Any such teleconference must use a closed-circuit video teleconferencing system that provides for a simultaneous compressed full motion video and interactive communication of image and sound between the trial court, appellant, and any attorneys representing the State or appellant. On request, appellant and his counsel shall be able to communicate privately without being recorded or heard by the trial court or the attorney representing the State.

2) If so, whether appointed counsel, Joe Wells, has abandoned the appeal and other counsel should be appointed; and

3) To set a date certain (in no event to be more than 30 days from the date of the abatement hearing) for appellant to file a brief.

*See* TEX. CODE CRIM. PROC. ANN. art. 1.051(a), (f); TEX. R. APP. P. 38.8(b).

The trial court's findings and any orders issued pursuant to this hearing shall be included in a supplemental clerk's record and filed in this **Court no later than 30 days from the date of this order**. The trial court shall have a court reporter, or court recorder, record the hearing and file the reporter's record with the Court no later than 30 days from the date of this order. Additionally, If the hearing is conducted by video teleconference, a certified electronic copy of the hearing shall be filed in this Court no later than 30 days from the date of this order.

The appeal is abated, treated as a closed case, and removed from this Court's active docket. The appeal will be reinstated on this Court's active docket when the supplemental clerk's record and reporter's record of the hearing are filed in this Court.

It is so ORDERED

Judge's signature: /s/ Rebeca Huddle
☒ Acting individually

Date: March 17, 2016